IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO GIL and MANUEL HERNANDEZ, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> TRUE WORLD FOODS CHICAGO, LLC, <br><br> Defendants. | Case No. 20 C 2362 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION & ORDER

Plaintiffs Alejandro Gil and Manuel Hernandez filed a three count complaint against True World Foods Chicago, LLC ("TWC"), alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"). 740 ILCS 14/1 et seq. Count I alleges failure to institute, maintain, and comply with a data retention policy in violation of Section 15(a), Count II alleges failure to obtain informed consent before obtaining biometric identifiers in violation of Section 15(b), and Count III alleges that TWC disclosed biometric identifiers to third parties before obtaining consent in violation of Section 15(d). Defendant moved to dismiss under Rule 12(b)(1) and, in the alternative, Rule 12(b)(6). (Doc. 17). Because the court lacks subject matter jurisdiction, the motion to dismiss is granted and the case is dismissed.

## BACKGROUND

Plaintiff Gil and Plaintiff Hernandez worked as hourly-paid truck drivers out of defendant's Elk Grove Village, Illinois facility. Gil worked for defendant from 2005 to 2017, and Hernandez worked for defendant from 2001 to 2018. In 2015, Defendant implemented

1

biometric timekeeping devices that scanned, collected, and obtained plaintiffs' handprints and/or fingerprints. Defendant required plaintiffs to scan their handprints and/or fingerprints to clock in and out of work. Handprint and fingerprint scans are considered "biometric identifiers" under BIPA. 740 ILCS 14/10.

According to plaintiffs, defendant stored plaintiffs' biometric identifiers in defendant's employee database. Plaintiffs allege: (1) that defendant failed to inform plaintiffs of the extent and purposes for which it collected and stored plaintiffs' biometric data; (2) defendant failed to obtain written consent from plaintiffs as required by BIPA; (3) defendant failed to develop a publicly-available retention policy, and to comply with such a retention policy; and (4) defendant disclosed plaintiffs' and other employees' biometric data without their consent to at least one third party, defendant's payroll vendor. Plaintiffs seek to represent a class of "[a]ll individuals working for Defendant in the State of Illinois who had their handprint or other biometric data collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period."

Defendant claims that it entered into a collective bargaining agreement ("CBA") with Teamsters Local 710, which was effective April 20, 2014, through April 19, 2017. During their employment with defendant, plaintiffs were members of Teamsters Local 710 and were thus subject to the terms of the CBA. The CBA recognizes the Teamsters Local 710 as the exclusive bargaining representative for employees. The CBA further includes a management rights clause and a mandatory grievance procedure.

Plaintiffs filed suit in the Circuit Court of Cook County on March 9, 2020. Defendants removed the case to this court on April 16, 2020.

**LEGAL STANDARD**

Defendant moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For purposes of a motion to dismiss under either Rule, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. Scanlan v. Eisenberg, 669 F.3d 838, 841 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Tamayo v. Blagojevich, 525 F.3d 1074, 1081 (7th Cir. 2008). A Rule 12(b)(1) motion, in contrast, challenges federal jurisdiction, and the plaintiff bears the burden of establishing that the elements necessary for jurisdiction have been met. Scanlan, 669 F.3d at 841-42. "In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction." Garcia v. Dep't of Homeland Security, 2019 WL 7290556, at *3 (N.D. Ill. Dec. 30, 2019) (citing Mutter v. Madigan, 17 F.Supp.3d 752, 756 (N.D. Ill. 2014)).

**DISCUSSION**

Defendants first argue that plaintiffs' state-law BIPA claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Section 301 preempts "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" Gray v. University of Chicago Medical Center, Inc., 2020 WL 1445608, at *2 (N.D. Ill. Mar. 25, 2020) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987)). "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to

resolve the dispute." Atchley v. Heritage Cable Vision Assocs., 101 F.3d 495, 499 (7th Cir. 1996); see also Crosby v. Cooper B-Line, Inc., 725 F.3d 795, 797 (7th Cir. 2013) (Section 301 preemption "covers not only obvious disputes over labor contracts, but also any claim masquerading as a state-law claim that nevertheless is deemed 'really' to be a claim under a labor contract"). A state law claim "requires the interpretation of a collective bargaining agreement" when an element of the claim "requires a court to interpret any term of a collective-bargaining agreement." Healy v. Metro. Pier & Exposition Auth., 804 F.3d 836, 841 (7th Cir. 2015).

The Seventh Circuit's decision in Miller v. Southwest Airlines Co., 926 F.3d 898, 901 (7th Cir. 2019), controls the court's decision in this case. In Miller, union members brought BIPA claims against their employer, Southwest, over its timekeeping system, which required employees to use their fingerprints to clock in and out. Southwest moved to dismiss, arguing that plaintiffs' BIPA claims were preempted by the Railway Labor Act ("RLA"). The Seventh Circuit agreed, and began its analysis with the premise that disputes over interpretation or administration of a collective bargaining agreement must be resolved by an adjustment board under the RLA. In finding preemption, the Seventh Circuit noted that Southwest had a collective bargaining agreement and clocking in and out was "a proper subject of negotiation between unions and employers." Id. at 903. Because the BIPA claims required interpretation of the collective bargaining agreement, the Seventh Circuit concluded that the BIPA claims were preempted and subject to dismissal.

The rule and reasoning of Miller apply to the LMRA because the RLA preemption standard is "virtually identical to the preemption standard the Court employs in cases involving § 301 of the LMRA." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 260 (1994); see also Gray, 2020 WL 1445608, at *3 (LMRA preemption standard is identical to RLA preemption standard);

4

Peatry v. Bimbo Bakeries USA, Inc., 2020 WL 919202, at *3 (N.D. Ill. Feb. 26, 2020) (same). District courts within this circuit have uniformly followed Miller and have found that BIPA claims from unionized employees are preempted by federal labor law. See for example, Gray, 2020 WL 1445608, at *3 (applying Miller to hold that union worker's BIPA claims over fingerprint timekeeping system required interpretation of a collective bargaining agreement, and were thus preempted by Section 301 of the LMRA and subject to dismissal for lack of subject matter jurisdiction); Williams v. Jackson Park SLF, LLC, 2020 WL 5702294, at *3 (N.D. Ill. Sep. 24, 2020) (same); Peatry, 2020 WL 919202, at *3 (same); Darty v. Columbia Rehab. & Nursing Ctr., LLC, 2020 WL 3447779, at *2 (N.D. Ill. June 24, 2020) ("citing Miller, courts in this district have consistently found federal preemption by Section 301 of the LMRA in similar BIPA cases); Frisby v. Sky Chefs Inc., et al., 2020 WL 4427805, at *2-4 (N.D. Ill. Aug. 3, 2020) (plaintiff's BIPA claims over timekeeping system "involve data privacy rights common to all of the defendants' employees and deal with a mandatory subject of collective bargaining: the mechanism through which workers clock in and out," and were thus preempted by the RLA); Crooms v. Southwest Airlines Co., 459 F.Supp.3d 1041, 1048-49 (N.D. Ill. 2020) (same).[1]

Plaintiffs attempt to avoid preemption by arguing that there is no basis to find that the union provided a written release or waiver to defendant, that their BIPA claims are independent and distinct from the CBA, and that Miller is distinguishable and should be modified or reversed. None of these arguments are availing. In fact, plaintiffs' arguments regarding whether the union

---

[1] After the parties briefed the instant motion, the Seventh Circuit decided Fox v. Dakkota Integrated Sys., LLC, -- F.3d --, 2020 WL 6738112 (7th Cir. 2020). The court granted defendant's motion to file Fox as a supplemental authority. The court has since thoroughly reviewed the Fox decision, which primarily addressed Article III standing for union workers' claims arising under Section 15(a) of BIPA. The Seventh Circuit found that the plaintiffs had Article III standing to proceed in federal court, but remanded the case to the district court with instructions to consider whether the Section 15(a) claim is preempted by the LMRA. Id. ("There remains the question whether section 15(a) is preempted by the LMRA…Although the answer appears to flow directly from Miller, we prefer to remand to the district court to address the issue in the first instance."). Fox thus suggests that Miller is still good law and leads to a straightforward conclusion regarding preemption.

provided a waiver or a written release necessarily require interpretation of the CBA and the union's authority thereunder, thus leading to preemption.

Contrary to plaintiffs' arguments, this case presents almost identical facts to Miller and the other district court cases following Miller's guidance. Plaintiffs are unionized workers who used their fingerprints and/or handprints to clock in and out of work. Plaintiffs were subject to a CBA which included a management rights provision. The plaintiffs' union was their "legally authorized representative" for the purpose of determining whether plaintiffs had received the disclosures and given the consent required under BIPA. Miller, 926 F.3d at 903. Indeed, plaintiffs' BIPA claims "deal with a mandatory subject of collective bargaining: the mechanism through which workers clock in and out." Frisby, 2020 WL 4427805, at *4. "In these circumstances, the Seventh Circuit's guidance makes clear that Plaintiff's claims require interpretation of the CBA…." Gray, 2020 WL 1445608, at *4; see also Miller, 926 F.3d at 903 ("It is not possible, even in principle, to litigate a dispute about how [an employer] uses fingerprint information for its whole workforce without asking whether the union has consented on the employees' collective behalf). Consequently, and because plaintiffs' claims require interpretation of the CBA, plaintiffs' BIPA claims are preempted by Section 301 of the LMRA.

Finally, plaintiffs request that the court require defendants to submit to arbitration and order a stay of this matter to preserve jurisdiction. The court declines both requests. Because the court lacks subject matter jurisdiction, it is foreclosed from taking the requested action.[2]

---

[2] Having determined that the court lacks subject matter jurisdiction, the court declines to address the parties' arguments regarding standing and the sufficiency of the complaint under Rule 12(b)(6).

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss [17] is granted without prejudice for lack of federal jurisdiction.

**ENTER:** November 30, 2020

Robert W. Gettleman
United States District Judge